IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION


HAROLD GOODLOW                                                    Plaintiff

v.                              5:05CV00086 GH/HDY

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration,                                          Defendant

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to United States District Judge George Howard, Jr. The parties may file specific written objections to these findings and recommendations and must provide the factual or legal basis for each objection. An original and two copies of the objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

**DISPOSITION**

Plaintiff, Harold Goodlow, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for Disability Insurance benefits. Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. Long v. Chater, 108 F.3d

185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

Plaintiff alleged disability based on burns, scarring, posttraumatic stress disorder, hallucinations and depression. (Tr. 92)  The Commissioner found that he was not disabled within the meaning of the Social Security Act.  The only issue before this Court is whether the Commissioner's decision that Plaintiff was not

disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge[1] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through September 30, 2001, the date that he was last insured for the purposes of Title II.[2]  (Tr. 19)  On January 27, 2005, the Appeals Council received and considered additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.  (Tr. 4-6)  Plaintiff then filed his complaint initiating this appeal.  (Docket #1)

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 54 years old at the time of the hearing.  (Tr. 482)  Therefore, he was 52 on the date last insured.  He is a high school graduate with two years of college.  (Tr. 224, 239)  He has past relevant work as a factory machine operator/material handler, forklift operator/laborer in a chicken plant and arsenal production line worker.  (Tr. 19, 101-04)

The ALJ considered Plaintiff's impairments by way of the

---

[1] The Hon. Robert L. Neighbors.

[2] In order to receive Disability Insurance benefits, an applicant must establish that he was disabled before the expiration of his insured status.  42 U.S.C. §§ 416(i), 423(c) (1991); Pyland v. Apfel, 149 F.3d 873, 876 (8th Cir. 1998); Battles v. Sullivan, 902 F.2d 657, 659 (8th Cir. 1990).

required five-step sequential evaluation process. The first step involves a determination of whether the claimant is involved in substantial gainful activity. 20 C.F.R. § 404.1520(b) (2003). If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience. Id.

Step 2 involves a determination, based solely on the medical evidence, of whether the claimant has an impairment or combination of impairments which significantly limits claimant's ability to perform basic work activities, a "severe" impairment. Id., § 404.1520(c). If not, benefits are denied. Id.

Step 3 involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. Id., § 404.1520(d). If so, and the duration requirement is met, benefits are awarded. Id.

If claimant does not meet or equal a Listing, then a residual functional capacity assessment is made based on all the relevant medical and other evidence. Id., § 404.1520(e). This residual functional capacity assessment is utilized at Steps 4 and 5. Id.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity, despite the impairment(s), to perform the physical and mental demands of past relevant work. Id., § 404.1520(f). If so, benefits are denied. Id.

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. Id., § 404.1520(g). If so, benefits are

denied; if not, benefits are awarded.  Id.

The ALJ found that Plaintiff met the disability insured status requirements on September 30, 2001, but not thereafter. (Tr. 19) He found that he had not engaged in substantial gainful activity since his amended alleged onset date, June 30, 2000.  Id.  He found that Plaintiff had a "severe" combination of impairments (Tr. 13), a history of diagnoses and/or treatment for posttraumatic stress disorder, psychosis (not otherwise specified), substance abuse in early remission, hypertension and degenerative disc disease, but that he did not have an impairment or combination of impairments that met or equaled a Listing (Tr. 19).  He judged that Plaintiff's allegations as to the extent of his symptoms, limitations and restrictions were credible only to the extent that they were supported by the medical evidence.  Id.

The ALJ determined that, during the relevant time period, Plaintiff retained the residual functional capacity for a wide range of light work.  Id.  Based on the testimony of a vocational expert, the ALJ determined that Plaintiff could still perform his past work as a forklift operator and machine operator.  Id.  Consequently, the ALJ concluded that Plaintiff was not disabled.  Id.

Plaintiff contends that the ALJ and the vocational expert misinterpreted and misunderstood his past relevant work. (Br. 14-16) He contends that the machine operator job was medium rather than light. (Br. 14, 16)  Attached to Plaintiff's brief are three machine operator descriptions from the Dictionary of Occupational Titles (DOT).  All list strength requirements as medium.  All three are

5

metalworking occupations, however.  Attached to Defendant's brief is a job description for machine operator from printing occupations; its strength requirement is light.

The Court of Appeals has addressed an argument similar to Plaintiff's:

> The VE listed 218 order clerk jobs and 122 information clerk jobs in Arkansas that he believed Hall could perform.  Hall cites the U.S. Department of Labor's <u>Dictionary of Occupational Titles</u> (DOT) and a supplement thereto, for the proposition that these jobs all require reaching, handling, or finger work.  Hall's reliance on the DOT as a definitive authority on job requirements is misplaced, however, for DOT definitions are simply generic job descriptions that offer "the approximate maximum requirements for each position, rather than their range."  <u>Jones v. Chater</u>, 72 F.3d 81, 82 (8th Cir.1995); <u>see also</u> <u>Roe</u>, 92 F.3d at 678 n. 8.  The DOT itself cautions that its descriptions "'may not coincide in every respect with the content of jobs as performed in particular establishments or at certain localities.'"  <u>Roe</u>, 92 F.3d at 678 n. 8 (quoting <u>Dictionary of Occupational Titles</u>, vol. 1, at xiii).  In other words, not all the jobs in every category have requirements identical to or as rigorous as those listed in the DOT.  We are satisfied that Hall could perform a number of jobs within the categories the VE listed, despite her impairments.

<u>Hall v. Chater</u>, 109 F.3d 1255, 1259 (8th Cir. 1997)(footnotes omitted); <u>accord</u>, <u>Wheeler v. Apfel</u>, 224 F.3d 891, 897 (8th Cir. 2000).

Even if Plaintiff's argument concerning the machine operator job were valid, that still leaves the forklift operator job that he could perform.

Next, Plaintiff argues that the ALJ did not adequately develop the record with regard to his physical and mental impairments.  (Br. 15)  His brief is silent as to what other evidence should have been developed.  <u>Id.</u>  Some courts treat such a failure to cite to develop

an argument as waiver of the argument.

> [W]e see no reason to abandon the settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones. As we recently said in a closely analogous context: "Judges are not expected to be mind[]readers. Consequently, a litigant has an obligation 'to spell out its arguments squarely and distinctly,' or else forever hold its peace."

United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990), cert. denied, 494 U.S. 1082 (1992)(citations omitted).

The Court has reviewed the record. Especially when one considers the well developed medical record from the Veterans Administration, the record is sufficient for the ALJ to make an informed decision. The ALJ is permitted to issue a decision without obtaining additional evidence as long as the record is sufficient to make an informed decision. E.g., Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995).

Finally, Plaintiff argues that the ALJ failed to consider the VA rating of his impairments. (Br. 17) Quite clearly, the ALJ did consider the VA rating, and gave adequate reasons for rejecting it. (Tr. 18) That is all that is required. Morrison v. Apfel, 146 F.3d 625, 628 (8th Cir. 1998).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. E.g.,

7

Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996); Pratt v. Sullivan, 956 F.2d 830, 833 (8th Cir. 1992).

There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  Richardson v. Perales, 402 U.S. at 401; see also Reutter v. Barnhart, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final determination of the Commissioner be affirmed and that Plaintiff's complaint be dismissed with prejudice.

DATED this   27   day of December, 2005.

_____
UNITED STATES MAGISTRATE JUDGE